# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

March 31, 2016

Carroll Fulmer Logistics Corporation
8340 American Way
Groveland, FL 34736

> **2016-264322-1**
> Include reference number in
> all correspondence

RE:  Charles Handy VS Sir Carter Daniel Loval, et al
     294th Judicial District Court Of Van Zandt County, Texas
     Cause No: 1600085

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on March
28, 2016.

CERTIFIED MAIL #71901046470100590167

Refer correspondence to:

Darrell W. Calvin, Jr.
The Calvin Law Firm, P.L.L.C.
12221 Merit Drive, Suite 630
Dallas, TX 75251

Sincerely,



Venita Okpegbue
Team Leader, Service of Process
GF/lc
Enclosure

======================================================================
### CAUSE NO. 16-00085
======================================================================

## IN THE 294ᵀᴴ DISTRICT COURT OF VAN ZANDT COUNTY, TEXAS

|  | ATTORNEY FOR PETITIONER |
|---|---|
| KAREN WILSON, DISTRICT CLERK | DARRELL W. CALVIN, JR. |
| VAN ZANDT COUNTY COURTHOUSE | 12221 MERIT DRIVE |
| 121 E.DALLAS, ROOM 302 | SUITE 630 |
| CANTON, TEXAS 75103 | DALLAS, TEXAS 75251 |

======================================================================
### CITATION FOR PERSONAL SERVICE
======================================================================

## THE STATE OF TEXAS

**NOTICE TO RESPONDENT:**
    **YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.**

    **TO:    CARROLL FULMER LOGISTICS CORPORATION**
    **HOME OFFICE ADDRESS OF**
    **8340 AMERICAN WAY**
    **GROVELAND, FL 34736**
    **BY AND THROUGH THE TEXAS SECRETARY OF STATE**

**DEFENDANT — GREETING:**
    You are hereby commanded to appear by filing a written answer to the

### PLAINTIFF'S ORIGINAL PETITION

at or before ten o'clock a.m. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of Van Zandt County, Texas at the Courthouse of said County in Canton, Texas.

### PLAINTIFF'S ORIGINAL PETITION

was filed in said Court, on the **18th of March, 2016**, in this **Cause No. 16-00085** on the docket of said court and styled:

**CHARLES HANDY**　　　　　　**VS**　　**SIR CARTER DANIEL LOVAL**
　　　　　　　　　　　　　　　　　　**AND CARROLL FULMER**
　　　　　　　　　　　　　　　　　　**LOGISTICS CORPORATION**

    The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said court at Canton, Texas, this the **23rd day of March, 2016.**

RECEIVED
SECRETARY OF STATE

MAR 2 8 2016

Service of Process  DEFENDANT'S COPY

KAREN WILSON, DISTRICT CLERK
294TH DISTRICT COURT
VAN ZANDT COUNTY, TEXAS

By _____, Deputy
        KIMBERLY KNOWLES

264322-1

**RETURN OF SERVICE**
**16-00085**

THE STATE OF TEXAS

COUNTY OF VAN ZANDT

294TH DISTRICT COURT

CHARLES HANDY                  VS          SIR CARTER DANIEL LOVAL
                                           AND CARROLL FULMER
                                           LOGISTICS CORPORATION

**PLAINTIFF'S ORIGINAL PETITION**

**NAME AND ADDRESS FOR SERVICE:**
    **CARROLL FULMER LOGISTICS CORPORATION**
    **HOME OFFICE ADDRESS OF**
    **8340 AMERICAN WAY**
    **GROVELAND, FL 34736**
    **BY AND THROUGH THE TEXAS SECRETARY OF STATE**

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20___, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering or attempting to deliver to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION**, at the following times and places, to-wit:

Name        Date/Time        Place and Distance from Courthouse

OR not executed as to the defendant, _____

The diligence used in attempting to find said defendant being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant being: _____

FEES:
Serving Petition   $_____

_____, Officer
_____, County, Texas
By: _____ Deputy

*COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.* In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
    (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____, 20___.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

Van Zandt County - District Clerk

CAUSE# _16-00085_____

| | | |
|---|---|---|
| CHARLES HANDY | § | IN THE _294th____ |
| | § | |
| PLAINTIFF | § | |
| | § | |
| V. | § | |
| | § | DISTRICT COURT OF |
| SIR CARTER DANIEL LOVAL | § | |
| AND CARROLL FULMER | § | |
| LOGISTICS CORPORATION | § | |
| | § | |
| DEFENDANTS | § | VAN ZANDT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Charles Handy**, hereinafter referred to as Plaintiff, complaining of and against **SIR CARTER DANIEL LOVAL and CARROLL FULMER LOGISTICS CORPORATION**, all collectively hereinafter referred to as Defendants, and for cause of action, Plaintiff would respectfully show the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1    Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Rule 190.4, Level 3. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks monetary relief between $200,000.00 and $1,000,000.00.

### II.
### PARTIES

2.1    Plaintiff, CHARLES HANDY, is an individual residing in Smith County, Texas.

2.2    Defendant, SIR CARTER DANIEL LOVAL, an individual who is a nonresident of Texas, and who resides at 110 Yarbrough Street, Calhoun, GA 30701, may be served with process by serving the Texas Secretary of State by certified mail, return receipt requested, at P.O. Box

12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas Secretary

of State may be his agent for service because Defendant SIR CARTER DANIEL LOVAL is a

nonresident that committed a tort in Texas, which constitutes doing business in this State, but does

not maintain a regular place of business in Texas or a designated agent for service of process, and

this suit arose from Defendant SIR CARTER DANIEL LOVAL's business in Texas. Tex. Civ.

Prac. Rem. Code § 17.041, 17.042(2), 17.044(b).

      2.3    Defendant, CARROLL FULMER LOGISTICS CORPORATION, a Foreign For-

Profit Corporation organized and existing under the laws of the State of Florida, may be served

with process by serving the Texas Secretary of State by certified mail, return receipt requested, at

P.O. Box 12079, Austin, Texas 78711-2079. Tex. Civ. Prac. Rem. Code § 17.026(a). The Texas

Secretary of State may be its agent for service because Defendant CARROLL FULMER

LOGISTICS CORPORATION is a nonresident that committed a tort in Texas, which constitutes

doing business in this State, but does not maintain a regular place of business in Texas or a

designated agent for service of process, and this suit arose from Defendant CARROLL FULMER

LOGISTICS CORPORATION's business in Texas. Tex. Civ. Prac. Rem. Code § 17.041,

17.042(2), 17.044(b).

III.<br>
JURISDICTION AND VENUE

      3.1    The present Court has personal jurisdiction over the Defendants because said

Defendants transacted business in Texas by committing a tort in Texas. Tex. Civ. Prac. Rem. Code

§ 17.042(2). The Court has subject matter jurisdiction as the amount in controversy is within the

jurisdictional limits of the Court, and no other court has exclusive jurisdiction. Venue is proper in

the present forum because all or a substantial part of the events giving rise to the claim occurred

in Van Zandt County, Texas.

IV.
FACTS

4.1    The incident complained of herein occurred on or about January 17, 2016. On that

date, Defendant SIR CARTER DANIEL LOVAL ("Loval") was operating and in control of a

commercial vehicle, namely a tractor trailer rig, owned by or leased to CARROLL FULMER

LOGISTICS CORPORATION, his employer or statutory employer per Title 49 Code of Federal

Regulations, westbound on Interstate 20 in Van Zandt County, Texas. Defendant Loval veered the

tractor and trailer he was operating to the right in the direction of Plaintiff's tractor and trailer

while Plaintiff's vehicle was passing alongside Loval's tractor trailer, which forced Plaintiff's

tractor and trailer to run off the highway and overturn in a bar ditch.  This occurred after Plaintiff

had attempted to pass Defendant Loval's tractor trailer several times in the inside lane, only to

have Loval veer his tractor and trailer left and block Plaintiff's vehicle from passing.  There were

multiple witnesses to this extreme conduct of Loval and Loval fleeing from the scene of the

accident.  Loval was subsequently arrested by law enforcement after being chased down.  He was

arrested for Aggravated Assault.  Defendant Loval had a criminal record prior to January 17, 2016.

Plaintiff sustained personal injuries, to include physical injuries, lost wages, medical expenses and

property damage. His tractor was completely destroyed in the accident in question.

V.
RESPONDEAT SUPERIOR

5.1    At all material times hereto, Defendant Loval was the agent, servant, employee or

statutory employee of Defendant Carroll Fulmer Logistics Corporation and was acting within the

scope of his authority as such agent, servant, and employee. Defendant Carroll Fulmer Logistics

Corporation is liable to Plaintiff for the negligence of Defendant Loval under the common law

doctrine of respondeat superior.

## VI.
## ASSAULT BY THREAT OF BODILY INJURY
## BY SIR CARTER DANIEL LOVAL

6.1     The actions of Defendant Loval on the date in question constituted Assault by Threat of Bodily Injury. On the date in question Defendant Loval intentionally veered his tractor and trailer to the right as Plaintiff was trying to pass Loval's tractor trailer on the right.  Loval did this while Plaintiff's vehicle was already in the process of passing alongside Loval's tractor trailer. By veering his tractor trailer intentionally to the right under these conditions Loval threatened Plaintiff with imminent bodily injury and caused injury to Plaintiff as Plaintiff's vehicle left the highway and overturned.

## VII.
## NEGLIGENCE OF SIR CARTER DANIEL LOVAL

7.1     At all times material hereto, Defendant SIR CARTER DANIEL LOVAL was negligent in one or more of the following ways:

a.      In failing to keep a proper lookout that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b.      In failing to remain reasonably attentive to conditions existing on the roadway as a reasonably prudent person would have done under the same or similar circumstances;

c.      In failing to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

d.      Conducting an unsafe lane change;

e.      In failing to comply with Federal Motor Carrier Regulations 49 CFR 383.110-383.113; and

Case 6:16-cv-00381-KNM   Document 1-3   Filed 04/26/16   Page 8 of 10 PageID #:  15

f.      For violating Section 22.02(A)(2) of the Texas Penal Code.

VIII.
INDEPENDENT NEGLIGENCE OF CARROLL FULMER
LOGISTICS CORPORATION

8.1     At all times material hereto, Defendant CARROLL FULMER LOGISTICS
CORPORATION was negligent in one or more of the following ways:

a.      In failing to adequately qualify and train Defendant SIR CARTER DANIEL
        LOVAL;

b.      In failing to adequately supervise Defendant SIR CARTER DANIEL LOVAL; and

c.      In negligently entrusting the tractor and trailer in question to Defendant SIR
        CARTER DANIEL LOVAL, whom it knew or should have known was a reckless
        and incompetent driver, and whom it knew or should have known had a criminal
        record.

IX.
GROSS NEGLIGENCE

9.1     The negligence of the Defendants as alleged herein constituted not only ordinary
negligence but gross negligence. The conduct of the Defendants, in failing to exercise ordinary
care towards Plaintiff, among other acts alleged, were serious violations and were not ordinary
negligence but gross negligence. In this regard, the conduct of the Defendants was intentional,
heedless, and without regard to the damages and injuries that might be inflicted by such conduct.
The conduct of the Defendants, when viewed objectively from their standpoint at the time of its
occurrence, involved an extreme degree of risk, considering the probability and magnitude of the
potential harm to others, and of which Defendants had actual, subjective awareness of the risks
involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare

of others, including, but not limited to, Plaintiff Charles Handy. Accordingly, the conduct of the Defendants amounts to gross negligence.

9.2    As a result of the gross negligence of the Defendants, a sum of money should be assessed against the Defendants as allowed by law, and awarded to Plaintiff as exemplary damages. Further, because of the nature of the conduct, the limitations and so called caps on exemplary damages should not apply to the amount of exemplary damages the jury may find. Exemplary damages should be awarded as penalty or by way of punishment taking into consideration:

a.    the nature of the wrong;

b.    the character of the conduct involved;

c.    the degree of culpability of the wrongdoer;

d.    the situation and sensibilities of the parties involved;

e.    the extent to which such conduct offends a public sense of justice and propriety; and

f.    the net worth of Defendants.

## X.
## DAMAGES

10.1    As a proximate result of the intentional and negligent acts set out above, Plaintiff suffered and will continue to suffer the following damages:

(a)    Physical pain and suffering in the past and future;

(b)    Mental anguish in the past and future;

(c)    Physical impairment in the past and future;

(d)    Physical disfigurement in the past and future;

(e)    Medical expenses in the past and future;

(f)    Loss of earning capacity in the past and future;

(g)        Property damage; and

(h)        Exemplary Damages.

XI.
REQUEST FOR DISCLOSURE

Under Texas Rule of Civil Procedure 194, Plaintiff requests the Defendants disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing hereof, Plaintiff have and recover judgment of and from Defendants in an amount within the jurisdictional limits of the Court, including both compensatory and exemplary damages outlined in X. above, and for such other and further relief, general and special, at law and in equity, to which Plaintiff may show himself entitled to receive.

Respectfully submitted,

THE CALVIN LAW FIRM, P.L.L.C.

By:     /s/ Darrell W. Calvin, Jr.
**Darrell W. Calvin, Jr.**
State Bar No. 24012372
darrell@calvinlawfirm.com
**Madeleine Harrison**
State Bar No. 24049936
madeleine@calvinlawfirm.com
12221 Merit Dr., Suite 630
Dallas, Texas 75251
972-233-5200 Telephone
972-233-5206 Facsimile

**Attorneys for Plaintiff**